IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CV 14-0404 JP/GBW
                                                    CR 09-1032 JP

JOE MALDONADO,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 75) filed on April 28, 2014.[1] The Court will dismiss the § 2255 motion.

On August 9, 2011, this Court entered judgment (CR Doc. 53) on Defendant's conviction, and on October 22, 2012, the Court of Appeals for the Tenth Circuit affirmed the judgment (CR Doc. 72-2). On April 15, 2013, the Supreme Court denied Defendant's petition for writ of certiorari (CR Doc. 74), rendering his conviction final the same day. *See United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000). Defendant filed the current motion more than a year later on April 28, 2014. He argues that his sentence was incorrectly enhanced and is thus illegal.

Defendant's § 2255 motion faces the initial hurdle of the statute's one-year limitations period. *See* § 2255(f). Typically, when the Court raises the time bar to a § 2255 motion *sua sponte*, the defendant is allowed an opportunity to respond. Here, Defendant rests his § 2255 claim on the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276

---

1 Defendant failed to sign the motion, and, pursuant to a cure-defect order, he later filed a signed version of the original motion. The timeliness analysis in this Order is based on the date of the original filing.

`

(2013). As the Court of Appeals for the Tenth Circuit has recently ruled, however, "[N]either Supreme Court decision [*Descamps* nor *Alleyne v. United States*, 133 S. Ct. 2151 (2013)] restarts the clock," *United States v. Hopson*, No. 14-2150, slip ord. at 2 (10th Cir. Jan. 8, 2014), and a motion based on *Descamps* that is filed more than a year after a conviction becomes final "is therefore untimely." *Id.* Furthermore, even assuming for purposes of this order that Defendant's motion is timely, "*Descamps* did not recognize a new right, but rather applied existing doctrine," *id*, and thus does not apply retroactively to his sentence, *see United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *and see United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). The Court will dismiss Defendant's motion with prejudice.

Under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines *sua sponte* that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 75) filed on April 28, 2014, is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

*James A. Parker*
_____
                                                                              JGE